UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

RANDOLPH REED #400534,

    Plaintiff,        Case No. 2:08-cv-200

v.                Honorable Robert Holmes Bell

LYLE RUTTER, et al.,

    Defendants.
_____/

**OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

    Plaintiff Randolph Reed #400534, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Assistant Deputy Warden Lyle Rutter, Warden David Bergh, Corrections Officer Unknown Luke,

Assistant Resident Unit Supervisor Denise Gerth, Corrections Officer Norm Flurrey, Resident Unit Officer Unknown Briggs, Resident Unit Officer Unknown Bernann, Corrections Officer uk Tyner, Sergeant Unknown Trnuta, Corrections Officer Unknown Perala, Sergeant Unknown O'Dell, Sergeant Unknown Arkens, Sergeant Beatrice Hursh, Sergeant Unknown Devies, Corrections Officer Unknown Lare, Corrections Officer Unknown Skinner, Lieutenant Unknown Adams, Resident Unit Officer Unknown Salmi, Resident Unit Officer Unknown Sebaly, Sergeant Unknown Rondeau, and Captain Unknown Immel.

Plaintiff alleges in his complaint that on May 10, 2007, Plaintiff told Defendant Luke that he wanted to get his own dental floss because her gloves were dirty. Defendant Luke left Plaintiff's shower and went to his cell and confiscated his mattress, claiming that Plaintiff had damaged his mattress. Plaintiff later told Defendant Arkens that his mattress was damaged when Plaintiff got the mattress. Plaintiff did not receive a misconduct and was given a different mattress.

On November 23, 2007, Plaintiff's cell was searched by Officer Naeyaert, who took Plaintiff's mattress and wrote a misconduct on Plaintiff. Defendant Rondeau reviewed the misconduct and told Plaintiff that he could not get an "adequate" substitute for the mattress. Plaintiff states that Defendants Flurrey, Briggs, Bernann, Tyner, Tenuta, Perala, O'Dell, Gerth, Arkens, Hursh, Skinner, Lare, Adam, Immel, and Salmi all denied Plaintiff's repeated requests for a substitute for his mattress. In addition, Defendants Rutter and Bergh failed to respond to Plaintiff's written complaints regarding his lack of a mattress.

Plaintiff attaches copies of grievances and responses to his complaint. According to the February 7, 2008, step I response to grievance number LMF 08-02-610-17i, Plaintiff was placed on mattress restriction when he took his mattress and rolled it up so he could be elevated in his cell

window naked and masturbating. The response further noted that Plaintiff's file showed he had engaged in that type of behavior on a regular basis, so that Plaintiff was aware of the consequences of such behavior. The step II response to this grievance indicates that Plaintiff was given an additional blanket as a substitute for his mattress.

Also attached to Plaintiff's complaint is the step III response to grievance number LMF 07-11-5991-17i, in which respondent J. Armstrong states:

> The grievant alleges that when he was placed on a mattress restriction, he asked 11 different staff members for an extra blanket but all refused. Grievant alleges that he was not given an adequate substitute for his mattress. Grievant alleges that he went five days without an extra blanket.
>
> The Step One respondent indicated that the grievant was interviewed, as required by PD 03.02.130 "Prisoner/Parolee Grievances." The Step One respondent stated that the grievant's mattress restriction was handled in accordance with PD 04.05.120. This respondent stated that at the time of the grievance interview he had an adequate replacement for his mattress. It is noted that this respondent did not address the grievant's claim that he went five days without an adequate replacement for his mattress.
>
> The Step Two respondent indicated that the [Assistant Resident Unit Supervisor] was interviewed and when the grievant informed her that he did not have an extra blanket, she had staff give him one. This respondent indicated that other unit staff stated that the grievant had made no mention of the blanket to them. This respondent stated that Unit staff would be reminded that an additional blanket is required when a mattress restriction is imposed. This respondent encouraged the grievant to refrain from behavior that results in misconducts and restrictions.
>
> This investigator has reviewed the record presented with the appeal to Step Three. All relevant information was considered. The record presented with the appeal does not suggest that further action is justified at this level. PD 04.05.120 "Segregation Standards" states in Paragraph CC that "Items and privileges described in Paragraph U or V may be withheld from a prisoner in any form of segregation

> other than protective segregation for serious reasons of safety or security upon written approval from the Warden or Deputy Warden and, for medically necessary items, in accordance with PD 04.06.160 "Medical Details and Special Accommodation Notices" . . . . **"If a restriction on state-issued clothing, cell furnishings, medically necessary items, or hygiene items is approved, the Warden or Deputy Warden shall ensure that an adequate substitution is provided."**
>
> Staff and the grievant's statements conflict as to whether / when the grievant informed staff of the need for an extra blanket. Staff have been reminded that an extra blanket must be issued when a mattress restriction is imposed. No further relief is recommended. This grievance issue is considered resolved.

(*See* February 11, 2008, step III response to LMF 07-11-05991-17i, attached to Plaintiff's complaint, emphasis in original.)

Plaintiff claims that Defendants' conduct violated his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Although it is clear that Plaintiff was subjected to a mattress restriction, he does not allege or show that he was denied basic human needs and requirements. Plaintiff was given an extra blanket within five days of being placed on the restriction. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000), *cert. denied*, 531 U.S. 1023 (2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999). In the opinion of the undersigned, a mattress restriction which includes an extra blanket as a substitute for the mattress does not rise to the level of an Eighth Amendment violation. Moreover, Plaintiff cannot not bring

an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury.  See 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, at *2 (6th Cir. June 27, 2000); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000).  As such, Plaintiff fails to state an Eighth Amendment claim against Defendants.

Plaintiff also claims that he was denied due process when they took his mattress because it was damaged.  However, it is clear that Plaintiff received due process of law.  In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law.  This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false.  The Due Process clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980).  "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).  Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986). As noted above, the record shows that Plaintiff was placed on mattress restriction for misusing the mattress in order to masturbate in front of his cell window.  The complaint and grievance responses indicate that Plaintiff received a misconduct for this behavior.

Having conducted the review now required by the Prison Litigation Reform Act, the Court concludes that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses this case, the court discerns no good-faith basis for an appeal. Should the plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A judgment consistent with this Opinion will issue.


Dated: October 24, 2008                              /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE